UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JORDANA BROWN,

    Plaintiff,                                      DEMAND FOR JURY TRIAL

-vs-                                                Case No.
                                                      Hon.

ALLTRAN FINANCIAL, LP, and
USAA FEDERAL SAVINGS BANK,

    Defendants.

## COMPLAINT & JURY DEMAND

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## Parties

4. The Plaintiff to this lawsuit resides in West Bloomfield, Michigan in Oakland County.

5. ALLTRAN FINANCIAL, LP, ("AFLP") is an out-of-state corporation doing business in Michigan.

6. USAA Federal Savings Bank ("USAAFSB") is an entity doing business in Michigan.

7. At all times relevant, AFLP is the agent for USAAFSB and as such, USAAFSB is jointly and severally liable for the acts and omissions of AFLP.

## Venue

8. The transactions and occurrences which give rise to this action occurred in Oakland County, in the State of Michigan.

9. Venue is proper in the Eastern District of Michigan.

## General Allegations

10. Defendant USAAFSB claimed an alleged debt due and owing from the Plaintiff to USAAFSB under account number ending in 7982 ("the alleged debt").

11. Defendant USAAFSB hired AFLP as its agent to collect the alleged debt from the Plaintiff and to negotiate a settlement of the alleged debt.

12. In late December of 2017, USAAFSB through its agent, AFLP contacted the Plaintiff's spouse by telephone in an attempt to collect the alleged debt.

13. At no time was Plaintiff's spouse legally or contractually liable for any amount of the alleged debt.

14. During this telephone conversation, USAAFSB through its agent, AFLP falsely implied that the Plaintiff's spouse was somehow also liable for the alleged debt.

15. During this telephone conversation, USAAFSB through its agent, AFLP falsely represented to Plaintiff's spouse that he needed to make a payment.

16. During this telephone conversation, USAAFSB through its agent, AFLP falsely represented to Plaintiff's spouse that he needed to bring the account current.

17. During this telephone conversation, USAAFSB through its agent, AFLP falsely represented to Plaintiff's spouse that he could legally, without the authority given by Plaintiff, negotiate a settlement on behalf of the Plaintiff without her knowledge.

18. During this telephone conversation, USAAFSB through its agent, AFLP demanded a lump-sum payment of $8,156.15 from the Plaintiff's spouse as payment in full of the alleged debt.

19. During this telephone conversation, Plaintiff's spouse told USAAFSB through its agent AFLP, that he would see if he could come up with the funds to satisfy the demand, but did not accept the offer.

20. The coercion underlying the debt collection tactics of USAAFSB and AFLP resulted in a situation in which USAAFSB and AFLP created fear and confusion in the Plaintiff's spouse and caused him to make a financial decision on behalf of Plaintiff without her knowledge or consent.

21. Upon information and belief, USAAFSB had actual knowledge that its agent, AFLP was using such illegal, misleading, coercive, and damaging tactics in order to collect debts and alleged debts on behalf of USAAFSB.

22. On or about January 25, 2018, USAAFSB through its agent AFLP, sent a dun as an attachment to an email ("first dun") in an attempt to collect a debt which contained misleading statements; specifically, the letter stated that the Defendant, USAAFSB, had

        accepted the Plaintiff's "offer" when this statement was false; Plaintiff did not make an offer, nor did her spouse; Plaintiff was unaware of any offer being made and in fact, no offer was made; Plaintiff did not authorize anyone to negotiate on her behalf.

23. USAAFSB through its agent AFLP sent the first dun to the Plaintiff's spouse's email address and provided a password for the Plaintiff's spouse to read the attachment, but failed to provide the password to the Plaintiff.

24. When the Plaintiff's spouse told the Plaintiff that USAAFSB through its agent AFLP had essentially demanded payment from him for the alleged debt and that he had received an email which stated that a $8,156.15 payment was due in 6 days, Plaintiff was enraged, exasperated, and frustrated, that USAAFSB through its agent AFLP had negotiated with a third-party to settle the alleged debt without her knowledge or consent.

25. Plaintiff contacted AFLP and demanded to know how USAAFSB through its agent AFLP had negotiated with a third-party to settle the alleged debt without her knowledge or consent.

26. USAAFSB through its agent AFLP falsely represented to the Plaintiff that it was legal in Michigan to negotiate with Plaintiff's spouse to settle the alleged debt, that the Plaintiff's spouse had in fact made an offer which was accepted, and that the Plaintiff's spouse had bound her to the obligation to pay $8,156.15 in the next few days.

27. Plaintiff explained that she did not believe that this was true and that she would need a few more days to consider the situation.

28. On or about January 30, 2018, USAAFSB through its agent AFLP, sent another dun in an attempt to collect a debt which contained misleading statements; specifically, the letter stated that the Defendant, USAAFSB, had accepted the Plaintiff's "offer" when this statement was

false; Plaintiff did not make an offer, nor did her spouse; Plaintiff was unaware of any offer being made and in fact, no offer was made; Plaintiff did not authorize anyone to negotiate on her behalf.

29. The incidents described herein caused a severe strain on the marriage of the Plaintiff and her spouse.

30. Plaintiff has suffered damages as a result of the acts and omissions described herein.

## COUNT I – Fair Debt Collection Practices Act (AFLP)

31. Mrs. Brown incorporates the preceding allegations by reference.

32. At all relevant times AFLP – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

33. AFLP is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

34. AFLP's foregoing acts in attempting to collect this alleged debt against Mrs. Brown constitute violations of the FDCPA.

35. Mrs. Brown has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (AFLP)

36. Mrs. Brown incorporates the preceding allegations by reference.

37. AFLP is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

38. Mrs. Brown is a debtor as that term is defined in M.C.L. § 339.901(f).

39. AFLP's foregoing acts in attempting to collect this alleged debt against Mrs. Brown constitute violations of the Occupational Code.

40. Mrs. Brown has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT III -- Violation of M.C.L. § 445.251 *et seq*. (USAAFSB)

41. Mrs. Brown incorporates the preceding allegations by reference.

42. USAAFSB is a "regulated person" as that term is set forth in M.C.L. § 445.251.

43. The acts and omissions of USAAFSB described herein constitute willful or intentional violations of one or more acts prohibited under M.C.L. § 445.252 entitling Mrs. Brown to recover actual and statutory damages, as well as costs and attorneys fees.

### COUNT IV -- Negligence (Both Defendants)

44. Plaintiff incorporates the preceding allegations by reference.

45. Defendants had a duty to refrain from using coercive and misleading tactics in an attempt to collect a debt.

46. Defendants breached this duty.

47. Defendants' breach of duty caused damages to the Plaintiff.

### Demand for Jury Trial

48. Plaintiff demands trial by jury in this action.

### Demand for Judgment for Relief

*ACCORDINGLY, Mrs. Brown requests that the Court:*

*a.	Assume jurisdiction over all claims.*

*b.	Award actual damages.*

*c.	Award statutory damages.*

*d.	Award punitive damages.*

    *e.*      *Award statutory costs and attorney fees.*

                Respectfully Submitted,

                ADAM G. TAUB & ASSOCIATES
                CONSUMER LAW GROUP, PLC

                By:    <u>/s/ Adam G. Taub</u>
                         Adam G. Taub (P48703)
                         Attorney for Jordana Brown
                         17200 West 10 Mile Rd. Suite 200
                         Southfield, MI 48075
                         Phone:  (248) 746-3790
                         Email:   adamgtaub@clgplc.net

Dated:  April 2, 2018