UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDANA BROWN,

    Plaintiffs,

vs.

ALLTRAN FINANCIAL, LP,
et al.,

    Defendants.
_____/

Civil Case No. 18-11053

Hon. Mark A. Goldsmith

# OPINION & ORDER
# DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. 27)

This matter is before the Court on Defendant Alltran Financial's motion to dismiss the second amended complaint (Dkt. 27). The motion is fully briefed. Because oral argument will not aid the decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the following reasons, the Court denies Alltran's motion.

## I.     BACKGROUND

The facts in this section are taken from Plaintiff Jordana Brown's Second Amended Complaint. Brown alleges that USAA claimed a debt from her ("the alleged debt"). 2d Am. Compl. ¶ 10 (Dkt. 22). USAA hired Defendant Alltran Financial as its agent to collect the alleged debt. Id. ¶ 11. In December 2017, Alltran contacted Brown's spouse via telephone regarding the alleged debt. Id. ¶ 12. Brown's spouse was not liable for the alleged debt, but during this telephone conversation, Alltran implied that Brown's spouse was in fact liable and was obligated to make a payment. Id. ¶¶ 14-16. Alltran represented that Brown's spouse could negotiate a settlement

1

without Brown's knowledge, and demanded a lump-sum payment of $8,156.15. Id. ¶¶ 18-19. Brown's spouse did not accept this offer. Id. ¶ 20.

On January 25, 2018, USAA sent Brown's spouse a dun as an attachment to an email, stating that USAA had accepted Brown's offer. Id. ¶¶ 23-24. USAA provided Brown's spouse with a password to read the attachment, but did not provide a password to Brown. Id. ¶ 24. Brown contacted Alltran and demanded to know how it had settled her debt with a third party without her consent. Id. ¶ 26. Alltran falsely told her that it was legal in Michigan to negotiate with Brown's spouse, that Brown's spouse had made an offer which was accepted, and that Brown's spouse had bound her to pay $8,156.15 in the next few days. Id. ¶ 27. On January 30, 2018, USAA sent another dun which contained additional misleading statements; specifically, USAA claimed to have accepted Brown's offer. Id. ¶ 29.

Brown claims that these incidents caused a severe strain on her marriage, and brings claims against Alltran for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). She alleges that Alltran violated 15 U.S.C. § 1692e, specifically §§ 1692e(2) and (10), and § 1692f, specifically § 1692f(1). Her second amended complaint also stated claims for negligence and violations of the Michigan Occupational Code, Mich. Comp. Laws § 339.900 et seq. Per her response to the motion to dismiss, she agrees to dismiss the state-law claims. Accordingly, the Court addresses only the FDCPA claims.

## II. STANDARD OF REVIEW

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)), cert. denied, 552 U.S. 1311 (2008). To survive a Rule 12(b)(6) motion, the

plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555. Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556.

### III.     ANALYSIS

Brown alleges that Alltran violated the Fair Debt Collections Practices Act, including but not limited to 15 U.S.C. §§ 1692e "generally," 1692e(2), 1692e(10), 1692f "generally," and 1692f(1).

Section 1692e prohibits a debt collector from making "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, it is a violation for a debt collector to make a "false representation of . . . the character, amount, or legal status of any debt," or to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2),(10).

To establish a claim under section 1692e, "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise[] out of transactions which are 'primarily for personal, family or

3

household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions." Wallace v. Washington Mut. Bank, FA, 683 F.3d 323, 326 (6th Cir. 2012). "To determine 'whether a debt collector's practice is deceptive . . . courts apply an objective test based on the understanding of the least sophisticated consumer.'" Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 331 (6th Cir. 2006) (quoting Lewis v. ACB Bus. Servs., 135 F.3d 389, 400 (6th Cir. 1998)). That is, "[w]hether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." Wallace, 683 F.3d at 326. The Sixth Circuit has also held that "a statement must be materially false or misleading to violate Section 1692e." Id. (emphasis in original). "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." Id. at 326-327.

Section 1692f prohibits a debt collection from using "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(1). "The practice made illegal by this statute [section 1692f(1)] is the attempt to collect money that is not owed, because the consumer never agreed to the debt." Wilson v. Trott Law, P.C., 118 F. Supp. 3d 953, 960 (E.D. Mich. 2015).

Alltran raises three arguments regarding the FDCPA claims in its motion to dismiss: (i) Brown fails to state a plausible claim for relief; (ii) Brown lacks statutory and prudential standing to file suit on behalf of her husband; and (iii) Alltran did not violate any provision of the FDCPA by negotiating with Brown's spouse. The Court will address Alltran's standing argument first, then address its remaining arguments.

4

## A. Standing

Alltran claims that Brown lacks statutory and prudential standing to bring her claims. Def. Mot. at 5-11. Statutory standing "asks 'whether this plaintiff has a cause of action under the statute.'" Roberts v. Hamer, 655 F.3d 578, 580 (6th Cir. 2011) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 97 n.2 (1998)) (emphasis in original). "[P]rudential standing is a judicially created doctrine relied on as a tool of 'judicial self-governance.'" Prime Media, Inc. v. City of Brentwood, 485 F.3d 343, 349 (6th Cir. 2007) (quoting Warth v. Seldin, 422 U.S. 490, 500 (1975)). "Prudential standing requirements preclude litigation in federal court . . . where instead of litigating 'his own legal rights and interests,' the plaintiff instead purports to 'rest his claim to relief on the legal rights or interests of third parties.'" Id. (quoting Warth, 422 U.S. at 499).

Both of Alltran's standing arguments rest on its claim that Brown is trying to assert the rights of her husband, which she cannot do; however, at least one of the alleged misrepresentations was made to Brown. See 2d Am. Compl. ¶ 27 ("USAAFSB through its agent AFLP falsely represented to the Plaintiff that . . . ."). Thus, she does at least have prudential and statutory standing to assert her own claim against Alltran for the alleged misrepresentations made to her.

Brown argues that she has standing to bring claims even for the misleading statements made to her husband. She cites no authority other than the FDCPA itself, which states that "consumer" includes a consumer's spouse. See 15 U.S.C. § 1692c(d). Therefore, she says, a communication to a spouse is the same as a communication to the debtor and "[it] follows that Plaintiff has standing to bring claims for . . . those [false communications] made to her spouse." Pl. Resp. at 13.

However, Alltran has cited several cases in support of its position that Brown cannot recover for allegedly false statements made to her husband. See Todd v. Collecto, Inc., 731 F.3d 734, 738 (7th Cir. 2013) ("[I]f a debt collector makes a collect call to someone other than a

consumer . . . it would be the person called, not the consumer, who would have a claim against the debt collector under § 1962f."); Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 954 (8th Cir. 2006) ("The weight of authority applying section 1692e does so in the context of a debt collector making a false, deceptive, or misleading representation to the plaintiff.") (emphasis in original); Peters v. Roberts Markel, PC, No. 11-331, 2012 WL 5383394, at *2 (D. Haw. Oct. 31, 2012) ("[T]he court ruled that Peters lacked statutory standing to assert any FDCPA claim belonging to his wife, as Bentwater's debt collection activities were directed only toward her, not Peters.").

Accordingly, the Court concludes that Brown can potentially recover for the statements allegedly made to her, but not for any of the statements allegedly made to her husband.

**B. Failure to state a claim**

Alltran's other arguments are, essentially, that Brown has failed to plead a violation of the FDCPA. Alltran argues that Brown's claims are nothing but "conclusory and unsubstantiated 'labels' of a statutory violation." See Def. Mot. at 5. Brown's complaint does set forth the false and misleading statements that were made. This is a far cry from the case Alltran cites, Maraldo v. Bureaus, Inc., No. 18-2661, 2018 WL 2754072 (D.N.J. June 8, 2018), where the plaintiff failed to plead any factual grounds to support his claim. Here, Brown has alleged that three falsehoods were made to her: first, that it was legal in Michigan to negotiate with her spouse to settle the alleged debt; second, that Brown's spouse had made an offer which was accepted; and third, that Brown's spouse had bound her to the obligation to pay $8,156.15 in the next few days. 2d Am. Compl. ¶ 27.

The claim that Alltran could legally negotiate with Brown's spouse is not false or misleading; as Alltran points out, the FDCPA states that a "consumer" includes the consumer's spouse, 15 U.S.C. § 1692c(d), and thus the prohibition on speaking with "any person other than

the consumer . . .," id. § 1692c(b), does not prohibit Alltran from speaking with Brown's spouse. Brown seems to concede as much in her brief, noting that the FDCPA's definition of "consumer" "makes it clear that debt collectors are not prohibited from discussing a debt with the debtor's spouse." Pl. Resp. at 12 (Dkt. 33).

The second and third alleged falsehoods – that Brown's spouse made an offer which was accepted, and that he had bound Brown to pay $8,156.15 in the next few days – must be assumed false, as the complaint alleges that "Plaintiff did not make an offer, nor did her spouse[.]" 2d Am. Compl. ¶ 23. Therefore, Brown has alleged a "false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and has alleged that Alltran used "unfair or unconscionable means to collect or attempt to collect" the alleged debt, id. § 1692f.

Alltran, in its reply brief, seems to concede that Brown has alleged falsehoods that were made to her. It argues that these statements were not "material" because she was already "bound" to pay a higher balance, and that higher balance was due immediately. Def. Reply at 4 (Dkt. 37). But this assumes facts not in the complaint – namely, that Brown's balance was actually $27,187.14, and that it was due immediately. Further, Alltran only cites general contract cases that discuss the concept of consideration; it does not point to any cases holding that telling a consumer that they are bound to pay a different amount within a certain timeframe is not a material misrepresentation within the meaning of the FDCPA.

Accordingly, the Court finds that Brown has plausibly stated a claim under the FDCPA.

### IV. CONCLUSION

For the reasons provided, the Court denies Defendant Alltran Financial's motion to dismiss (Dkt. 27). Brown may proceed with her claims insofar as they are based upon alleged false statements made to her.

SO ORDERED.

Dated: December 13, 2018  s/Mark A. Goldsmith
       Detroit, Michigan  MARK A. GOLDSMITH
                                United States District Judge